**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah Bormann, a single woman,<br><br>    Plaintiff,<br><br>vs.<br><br>Waxie Enterprises, Inc., dba Waxie Sanitary Supply,<br><br>    Defendant. | No. CIV 09-264 TUC FRZ (GEE)<br><br>**REPORT AND RECOMMENDATION** |

    Pending before the court is a motion to compel arbitration and motion to dismiss, or, in the alternative, to stay the action pending arbitration filed by the defendant, Waxie Enterprises, Inc. (Waxie), on May 13, 2009. [doc. #6]

    The plaintiff, Deborah Bormann, claims she was wrongfully terminated from her job with Waxie in violation of A.R.S. § 41-1416 et seq. and the Age Discrimination in Employment Act (ADEA). Waxie moves that this court dismiss the action and compel Bormann to arbitrate her claim in accordance with the arbitration agreement she signed when she began working for Waxie. Bormann filed a response and Waxie filed a reply.

    The case has been referred to Magistrate Judge Edmonds for all pretrial matters pursuant to Local Civil Rule 72.2. Rules of Practice of the U.S. District Court for the District of Arizona. The court considers the motion suitable for decision without a hearing.

1    The motion should be granted in part. The district court should compel arbitration but
2    certain provisions of the arbitration agreement should be stricken. The action should be
3    dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are alleged in the amended complaint: In 1997, Bormann was hired by Waxie to work as a warehouseman in Tucson, Arizona. (Amended complaint, p. 2.) In 2002, she was promoted to Customer Service Lead. *Id.* On August 30, 2007, Bormann was fired allegedly for violating company rules. *Id.* Apparently, management was unhappy that Bormann brought a puppy to work intending to sell it during her break time. *Id.* Bormann believes the reason given for her termination is false and a pretext for discrimination. *Id.* She argues other, younger employees engaged in similar conduct and were not terminated. *Id.*

When Bormann began working for Waxie, she signed a letter agreement describing certain conditions of her employment. (Motion, Exhibit A.) In part, the letter agreement states that "[a]ny dispute or controversy arising under this Agreement shall be resolved by binding arbitration under the Commercial Arbitration Rules of the American Arbitration Association in effect at that time." (Motion, Exhibit A, ¶ 17.) This arbitration provision contains the following additional restrictions: "The arbitration shall take place in San Diego, California before one arbitrator and shall be governed by California law . . . . The right, if any, to punitive damages is hereby waived . . . . Only in an arbitration related to or arising from the parties' rights and obligations under [the paragraphs entitled 'Protection of Trade Secrets' and 'Termination Activities'] shall the prevailing party be entitled to recover its actual attorneys' fees and costs." *Id.*

Bormann filed a complaint in Pima County Superior Court claiming she was discharged in violation of A.R.S. § 41-1416 et seq. She later amended her complaint to add a claim under the Age Discrimination in Employment Act (ADEA). Waxie removed the

1  action to U.S. District Court on May 8, 2009.  Waxie filed the instant motion to compel
2  arbitration on May 13, 2009.

Discussion

On a motion to compel arbitration, the district court's role is a limited one.  The Federal Arbitration Act "mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).  Accordingly, the federal court's role is limited to determining "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).  "[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983).

Agreements to arbitrate are construed in the same way as any other contractual agreement. *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165 (9th Cir. 2003), *cert. Denied*, 540 U.S. 1160 (2004).  They are enforceable unless there exists at law or equity some defense to their implementation. *Id.*  "To evaluate the validity of an arbitration agreement, federal courts should apply ordinary state law principles that govern the formation of contracts." *Id.*

Bormann first argues the arbitration agreement does not encompass her employment discrimination claims.  The arbitration agreement states that "[a]ny dispute or controversy arising under this Agreement shall be resolved by binding arbitration. . . ."  Bormann reasons the phrase "arising under this Agreement" limits the scope of the arbitration agreement to disputes arising under the specific letter agreement she signed on September 17, 1997.  This letter agreement, she argues, does not specifically list "employment discrimination claims" as an employment issue.  Accordingly, she argues the arbitration agreement does not encompasses the instant action.  The court does not agree.

- 3 -

The letter agreement specifically notes that employees must "abide by all employment and job related policies adopted by Waxie's [1], including all terms of the Employee Handbook . . . ." (Motion, Exhibit A, ¶ 7.) In this case, Waxie asserts Bormann was discharged because she violated some of these job related policies. *See* (Motion, Declaration of Amy Rumbin, ¶¶ 7-9.) In her complaint, Bormann argues other employees engaged in similar conduct but were not terminated. She maintains Waxie's stated reason for her termination is false and a pretext for illegal discrimination.

Bormann's charge of illegal discrimination is necessarily intertwined with her alleged violation of company policies. Accordingly, her dispute with Waxie arises under this portion of the letter agreement, and her discrimination claims fall within the scope of the arbitration agreement. Reasonable minds could differ on this issue, but federal policy favors arbitration and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983).

Bormann next argues her arbitration agreement is unenforceable as unconscionable. "[U]nconscionability is a generally applicable contract defense which may render an arbitration provision unenforceable." *Shroyer v. New Cingular Wireless Services, Inc.*, 498 F.3d 976, 981 (9th Cir. 2007). In Arizona, "[a] bargain is unconscionable if it is such as no man in his senses and not under delusion would make on the one hand, and as no honest and fair man would accept on the other." *Phoenix Baptist Hosp. & Med. Ctr., Inc. v. Aiken,* 179 Ariz. 289, 293, 877 P.2d 1345, 1349 (App. 1994) (punctuation omitted). A contract may be procedurally or substantively unconscionable. *Maxwell v. Fidelity Financial Servs., Inc.*, 184 Ariz. 82, 88-89, 907 P.2d 51, 57-58 (1995). Procedural unconscionability is concerned with "unfair surprise, fine print clauses, mistakes or ignorance of facts or other things that mean bargaining did not proceed as it should." *Id.* at 89, 58 (punctuation omitted). "Substantive unconscionability concerns the actual terms of the contract and examines the relative fairness

---

[1] In the letter agreement, the employer is referred to in the possessive form.

of the obligations assumed." *Id.* at 89, 58. "Indicative of substantive unconscionability are contract terms so one-sided as to oppress or unfairly surprise an innocent party, an overall imbalance in the obligations or rights imposed by the bargain, and significant cost-price disparity." *Id.* "[A] claim of unconscionability can be established with a showing of substantive unconscionability alone, especially in cases involving either price-cost disparity or limitations of remedies." *Id.* at 90, 59.

Bormann argues the arbitration agreement, assuming it applies to the instant claims, is procedurally unconscionable because her claims are not described in the letter agreement and therefore she had no notice that these claims would be subject to arbitration. This argument relies on Bormann's initial assertion that her discrimination claims do not fall under the terms of the letter agreement. But as the court explained above, the letter agreement did describe Bormann's obligation to abide by "all employment and job related policies." (Motion, Exhibit A, ¶ 7.) Accordingly, she had notice that a discrimination claim arising out of a dispute over whether or not her behavior violated company policy would be subject to arbitration. The arbitration agreement, therefore, is not procedurally unconscionable.

Bormann further argues the arbitration agreement is substantively unconscionable because its terms bind only Waxie. *See, e.g., Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 893-4 (9th Cir. 2002), *cert. Denied*, 535 U.S. 1112 (2002). The court does not agree with Bormann's construction of the agreement.

The arbitration agreement states that "[a]ny dispute or controversy arising under this Agreement shall be resolved by binding arbitration. . . ." The agreement does not limit arbitration to disputes brought by Bormann. It applies to "any"dispute regardless of who brings it. Accordingly, the arbitration agreement binds both Waxie and Bormann. It is not a unilateral agreement.

Bormann further argues the arbitration agreement is substantively unconscionable because it requires the parties to waive the right to punitive damages and restricts the right to recover attorneys's fees and costs. She is correct.

Arbitration agreements in the employment setting are enforceable in the first instance because the employee is not losing any statutory rights but only agreeing to resolve those rights in a different forum. *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 895(9th Cir. 2002). Arbitration agreements that "fail to provide for all of the types of relief that would otherwise be available in court" or require the employee to pay "unreasonable costs" are unenforceable. *Id.*; *see also Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1082 (9th Cir. 2007), *cert. Denied*, 128 S.Ct. 1117 (2008).

Here, the arbitration agreement restricts punitive damages and the right to seek attorneys' fees and costs. These restrictions fail to provide for the type of relief available in a court of law. Accordingly, they make the agreement substantively unconscionable. *See Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1179 (9th Cir. 2003).

Waxie argues the arbitration agreement's restriction on punitive damages is immaterial because Bormann's causes of action do not allow for an award of punitive damages. Assuming without deciding that Waxie is right about Bormann's remedies, the argument is beside the point. Unconscionability is determined when the contract is made, not when the claims are brought. *Maxwell v. Fidelity Financial Servs., Inc.*, 184 Ariz. 82, 84, 907 P.2d 51, 53 (1995); A.R.S. § 47-2301.

Finally, Bormann argues the venue provision in the agreement choosing San Diego, California as the arbitration site is substantively unconscionable. Neither of the parties has directed the court to an Arizona case directly on point, and the court has found none. Nevertheless, after considering the agreement at the time it was made, the court concludes this provision imposes a significant cost-price disparity sufficient to make it unconscionable. *See Nelson v. Rice*, 198 Ariz. 563, 568, 12 P.3d 238, 243 (App. 2000). The court concludes a person working in Tucson and making seven dollars per hour [2] would be unable to pursue arbitration in San Diego. Arbitration in that city would require the claimant to take time off

---

[2] When the letter agreement was signed, Bormann was making seven dollars per hour. (Motion, Exhibit A, ¶ 5.)

- 6 -

from work, travel to San Diego, and retain counsel qualified to practice in California. These costs would effectively prevent an employee from pursuing any claims that involved only modest damages. Waxie apparently has its corporate headquarters in San Diego. Accordingly, while it has a much greater ability to absorb the costs of arbitration, its costs would be relatively lower. *See, e.g., Hagedorn v. Veritas Software Corp.*, 250 F.Supp.2d 857, 862 (S.D.Ohio 2002).

The court also notes that arbitration in San Diego would pose a special burden on witnesses who might participate in the arbitration. Most, if not all, of those witnesses would be Tucson residents. While this cost does not appear to favor either party, most of those witnesses would be Waxie employees. Waxie, as the employer, would be in a far better position to bring its employees to San Diego than would a potential employee litigant.

### Remedy

"If it is clear from its terms that a contract was intended to be severable, the court can enforce the lawful part and ignore the unlawful part." *Olliver/Pilcher Ins., Inc. v. Daniels*, 148 Ariz. 530, 533, 715 P.2d 1218, 1221 (1986) (en banc). Here, the letter agreement explicitly provides that if provisions are deemed invalid they should be severed from the remainder of the agreement. Moreover, federal law favors the enforcement of arbitration agreements. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) ("[D]istrict Courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."); *Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1082 (9th Cir. 2007). Accordingly, the court concludes the parties' agreement to arbitrate should be enforced absent the provision restricting punitive damages, the provision restricting the award of attorneys' costs and fees, and the choice of venue provision. This action may be dismissed because all claims are subject to arbitration. *See Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004); *Sparling v. Hoffman Constr. Co., Inc.,* 864 F.2d 635, 638 (9th Cir. 1988).

Recommendation

The magistrate judge recommends the district court, after its independent review of the record, enter an order GRANTING IN PART the motion to compel arbitration and motion to dismiss filed on May 13, 2009, by the defendant, Waxie Enterprises, Inc. [doc. #6] The motion to compel should be granted, but the provision in the arbitration agreement restricting punitive damages, the provision restricting the award of attorneys' costs and fees, and the choice of venue provision should be voided as substantively unconscionable. The action should be dismissed.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 10 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, the party's right to de novo review may be waived. *See U. S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003).

The Clerk is directed to send a copy of this Report and Recommendation to all parties.

DATED this 8th day of July, 2009.

_____
Glenda E. Edmonds
United States Magistrate Judge